In the United States District Court
for the Southern District of Texas,
Houston Division

| | |
|---|---|
| Edgar Solano,<br><br>    *Plaintiff*,<br><br>v.<br><br>Timothy Schroder and Schroder's Towing & Auto Salvage, LLC<br><br>    *Defendants*. | Civil Action No. 4:19-cv-2160 |

### Defendants' Notice of Removal

To the Honorable Judge of Said Court:

Defendants, Timothy Schroder and Schroder's Towing & Auto Salvage, LLC, file this notice of removal under 28 U.S.C. §1446(a) and in accordance with Local Rule 81, and respectfully shows as follows:

### I.   Introduction

1. Plaintiff Edgar Solano filed his state court action against Defendants, Timothy Schroder and Schroder's Towing and Auto Salvage in Harris County, Texas, on or about May 6, 2019.[1] The case was docketed as Cause No. 1132927, *Edgar Solano v. Timothy Shroder [sic] and Shroder's Towing & Auto Salvage*

---

[1] *See Plaintiff's Original Petition with Request for Disclosure*, a copy of which is attached as Exhibit C-1. (The Petition incorrectly names Defendants as "Timothy Shroder" and "Shroder's Towing and Auto Salvage")

*[sic]*, in County Civil Court at Law No. 1, Harris County, Texas.[2]

2. Defendant Timothy Schroder was personally served with *Plaintiff's Original Petition with Request for Disclosure* on May 23, 2019.[3]

3. Defendant Schroder's Towing and Auto Salvage, LLC was served through the Texas Secretary of State on May 24, 2019.[4]

4. Plaintiff has alleged claims of general negligence, infliction of bodily injury, and vicarious liability against Defendants.[5]

5. These claims arise out of alleged injuries Plaintiff alleges he received after a motor vehicle accident and subsequent alleged altercation on or about September 19, 2017, on Studemont Road, Harris County, Texas.[6]

6. Plaintiff's Petition seeks reasonable and necessary past and future medical expenses; past and future physical pain and suffering; past and future mental anguish; and past and future loss of income; and past and future physical impairment.[7]

7. Defendants' Notice of Removal is timely as it is filed within 30 days of when Defendants were served.

---

[2] *Id.*

[3] *See* Exhibit C-6.

[4] *See* Exhibit C-7.

[5] *See* Exhibit C-1.

[6] *Id.*

[7] *Id.*

8.      Additionally, Defendant's Notice of Removal is timely as it is filed within 30 days of when it was first ascertainable that the case could be removed based upon diversity jurisdiction. *See* 28 U.S.C. § 1446(b)(3); *Braud v. Transport Service Co. of Illinois*, 445 F.3d 801, 805 (5th Cir. 2006); *Chambers v. Bielss*, No. 3:08-CV-372-KC, 2008 WL 5683483, *4 (W.D. Tex. 2008) (not designated for publication).

9.      The one-year deadline on removal for diversity cases under 28 U.S.C. § 1446(c) has not elapsed.

## II.     The Parties

10.     According to the Original Petition, Plaintiff, Edgar Solano, is an individual who resides in Harris County, Texas, and therefore is a citizen of Texas.

11.     According to the Original Petition, Defendant Timothy Schroder is a citizen of the state of Ohio, who was served with process at his business address, 7524 Oak Grove Drive, Georgetown, Ohio, 45121-9625.

12.     Defendant Schroder's Towing & Auto Salvage, LLC is a foreign corporation organized and existing under the laws of the state of Ohio. Its principal place of business is located at 7524 Oak Grove Drive, Georgetown, Ohio, 45121-9625. Therefore, Schroder's Towing & Auto Salvage, LLC is a citizen of Ohio.

## III.    Basis for Removal

### A.     Removal Standard

13.     District courts of the United States are conferred original jurisdiction over any civil matter between citizens of different states involving an amount in controversy that exceeds $75,000, exclusive of interest and costs, pursuant to

3

28 U.S.C. § 1332(a). Any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to a district court of the United States for the district and division where the state action is pending. *See* 28 U.S.C. § 1441(a).

14. For purposes of assessing diversity of citizenship, a corporate entity is deemed to be a citizen of both the state in which it is incorporated as well as the state where it maintains its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Mullins v. Test America, Inc.*, 564 F.3d 386, 397 n.6 (5th Cir. 2009). With regard to determining whether diversity jurisdiction is present, citizenship is determined at the time the state court suit was filed. *See Smith v. Sperling*, 354 U.S. 91, 93 (1957); *Harris v. Black Clawson Co.*, 961 F.2d 547, 549 (5th Cir. 1992).

15. Diversity jurisdiction depends upon a showing of complete diversity, which means that no plaintiff may be a citizen of the same state as one of the defendants. *See Whalen v. Carter*, 954 F.2d 1087, 1974 (5th Cir. 1992); *Mas v. Perry*, 489 F.2d 1396, 1398-1399 (5th Cir. 1974); *Nelson v. St. Paul Fire & Marine Ins. Co.*, 897 F. Supp. 328, 330 (S.D. Tex. 1995).

16. For suits involving multiple defendants, 28 U.S.C. § 1446(b), the removal statute, has been interpreted to require that all defendants who have been served timely join in the notice of removal by either signing the notice or by filing a written consent before the expiration of the 30-day deadline for filing. *Moreno Energy, Inc. v. Marathon Oil Co.*, No. H-11-4518, 2013 WL 2295423, *5 (S.D. Tex. May 22, 2013).

**B.     Removal of the State Court Action to Federal Court is Appropriate.**

17.     Plaintiff is a citizen of Texas; Defendants are citizens of Ohio. As a result, there is complete diversity among the parties and removal is appropriate on the basis of diversity jurisdiction.

18.     Removal is additionally appropriate under diversity jurisdiction, as the amount in controversy, exclusive of interest and costs, exceeds $75,000.

19.     Plaintiff's Original Petition seeks "monetary relief over $100,000 but no more than $200,000." This is a personal injury case in which Plaintiff seeks damages for Defendants' alleged negligence and infliction of bodily injury.[8]

20.     Given the nature of the claims against Defendants, the alleged damages in this action appear on the face of *Plaintiff's Original Petition* clearly to exceed $75,000, exclusive of interest and costs.

21.     If a suit is removable when it is filed, the defendant must file the notice of removal within 30 days after receiving both the summons and a copy of the complaint. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

22.     Defendants' Notice of Removal has been filed in a timely manner. This Notice of Removal is filed less than 30 days after Timothy Schroder was

---

[8] *See* Exhibit C-1.

served.[9] Furthermore, it has not been 30 days since Defendant Schroder's Towing & Auto Salvage, LLC, was served.[10]

23. Additionally, Plaintiff's First Amended Original Petition seeks "monetary relief over $100,000 but no more than $200,000."[11] When a plaintiff's monetary demand is stated in the complaint, a defendant can rely on that allegation to meet the federal court's jurisdictional requirement. *See S.W.S. Erectors, Inc. v. Influx, Inc.,* 72 F.3d 489, 492 (5th Cir. 1996).

24. A case may be removed within 30 days after receipt by the defendant of a pleading, motion, or other paper from which it may be ascertained that the case is removable. *See* 28 U.S.C. § 1446(b)(3); *Braud v. Transport Service Co. of Illinois*, 445 F.3d at 805; *Chambers v. Bielss*, No. 3:08-CV-372-KC, 2008 WL 5683483, *4 (W.D. Tex. 2008) (not designated for publication). However, removal in a diversity matter must be initiated within a maximum period of one year from the date the state court action was commenced. *See* 28 U.S.C. § 1446(c)(1); *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 425-426 (5th Cir. 2003).

25. Defendants' Notice of Removal has been filed in a timely manner. This Notice of Removal is filed no more than 30 days after both Defendants were served with Plaintiff's Original Petition. Furthermore, less than one year has elapsed since the state court action was originally filed.

---

[9] *See* Exhibit C-6.

[10] *See* Exhibit C-7.

[11] *See* Exhibit C-1.

## IV. Jurisdiction and Venue

26. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

27. Venue is appropriate in the Southern District of Texas, Division of Houston under 28 U.S.C. § 1441(a) because this district and division encompass Harris County where the state court action is pending.

## V. FRCP Rule 38 Jury Demand

28. A jury trial is demanded on all issues presented in this case.

## VI. Required Documents

29. Pursuant to 28 U.S.C. 1446(a) and Local Rule 81 of the Southern District of Texas, Defendants attach hereto copies of all pleadings, process, orders, and other filings in the state court action as well as the state court action's docket sheet.

30. Pursuant to Rule 81(6) of the Local Rules of the Southern District of Texas, Defendants attach hereto a List of All Counsel of Record (Exhibit E).

## VII. Required Notice

31. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly provide notice to all adverse parties and will file a copy of this Notice of Removal with the Harris County District Clerk's Office.

## VIII. Conclusion and Prayer for Relief

Defendants, Timothy Schroder and Schroder's Towing & Auto Salvage, LLC respectfully request that the Honorable Court remove this action to the United

States District Court for the Southern District of Texas. Defendants additionally pray for such further relief to which they may prove themselves to be justly entitled.

        Respectfully submitted,

        Brown Sims

        _____

        Michael D. Williams
        Texas Bar No. 21564330
        Federal ID No. 6982
        1177 West Loop South, 10th Floor
        Houston, Texas 77027
        Tel. 713.629.1580
        Fax 713.629.5027
        mwilliams@brownsims.com

        *Attorney in Charge for Defendants Timothy Schroder and Schroder's Towing & Auto Salvage, LLC*

        Of Counsel:

        Melanie G. Fordyce
        Texas Bar No. 24067602
        Federal ID No. 1179595
        Brown Sims
        1177 West Loop South, 10th Floor
        Houston, Texas 77027
        Tel. 713.629.1580
        Fax 713.629.5027
        mfordyce@brownsims.com

**Certificate of Service**

I certify that on June 14, 2019, a copy of Defendant's Notice of Removal was served on the following:

Jose R. Lopez, II
Law Offices of Jose R. Lopez II, P.C.
4601 Washington Ave, Suite 200
Houston, Texas 77007
*lawlopez@earthlink.net*

_____
Michael D. Williams