5/6/2019 12:20 PM
Diane Trautman
County Clerk
Harris County

Harris County - County Civil Court at Law No. 1
1132927

CAUSE NO. _____

| | | |
|---|---|---|
| EDGAR SOLANO<br>Plaintiff | § § § § | IN THE COUNTY COURT |
| vs. | § § § | AT LAW NUMBER (____) |
| TIMOTHY SHRODER and<br>SHRODER'S TOWING &<br>AUTO SALVAGE<br>Defendants | § § § § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, EDGAR SOLANO hereinafter referred to as Plaintiff, complaining SHRODER'S TOWING & AUTO SALVAGE, hereinafter referred to as Defendant COMPANY and TIMOTHY SHRODER, hereinafter referred to as, Defendant SHRODER and for cause of action would respectfully show the Court and jury as follows:

### DISCOVERY-CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief over $100,000.

### RELIEF

2. Plaintiff seeks monetary relief over $100,000 but no more than $200,000 Tex. R. Civ. P. 47(c)(4).

EXHIBIT
C-1

### VENUE

3. Venue is proper in Harris County, Texas because all or a substantial part of the events or omissions occurred in Harris County. *See* Tex. Civ. Prac. & Rem. Code § 15.002(a)(1). This Court has jurisdiction over this suit and over the Defendants, because:

(A) The incident and/or occurrence giving rise to this action, and the conduct, acts and/or omissions of each Defendants alleged herein, all occurred in the State of Texas.

### PARTIES

4. Plaintiff, EDGAR SOLANO is a resident of Harris County, Texas and is authorized to file suit in this county.

5. Defendant, SHRODER'S TOWING & AUTO SALVAGE, LLC a foreign corporation organized and existing under the laws of Ohio whose principle office is located at 7524 Oak Grove Drive, Georgetown, OH 45121-9625, may be served with process by serving the Texas Secretary of State at 1019 Brazos Street, Austin, Texas 78701, as its agent for service because Defendant engages in business in Texas but does not maintain a regular place of business in Texas or a designated agent for service of process, and this suit arose from Defendant's business in this state.

### *** ISSUANCE OF CITATION IS REQUESTED AT THIS TIME.***

6. Defendant TIMOTHY SHRODER, an individual, may be served with process at his business addresses 7524 Oak Grove Drive, Georgetown, OH 45121-9625 or wherever he may be found.

### FACTS

7. Plaintiff brings this suit to recover for personal injury damages and property damage sustained by Plaintiff as a result of a Defendants' Negligence driving and infliction of bodily

injury. On or about September 19, 2017, Plaintiff was travelling on Studemont road in Houston, Harris County, Texas, when a truck owned by Defendant COMPANY collided from behind into Plaintiff's vehicle. The driver of Defendant COMPANY then proceeded to assault and inflicted bodily harm against Plaintiff. Hitting his vehicle with a police baton and striking him in his head. As a result of this violent attack, Plaintiff suffered a head injury.

### COUNT 1- NEGLIGENCE

8. Defendant SHRODER had a duty to exercise ordinary care and operate Defendant's vehicle reasonably and prudently.

9. Defendant SHRODER breached the duty of care in the following ways:

    a. Failure to maintain proper lookout;

    b. Failure to maintain proper control of defendants' vehicle

    c. Failure to turn vehicle to avoid the collision.

    d. Failure to control speed.

10. Defendant's breach of duty proximately caused injury to plaintiffs, which resulted in the following damages: extensive medical damages.

11. Plaintiffs seek unliquidated damages within the jurisdictional limits of this Court.

### COUNT 2- INFLICTION OF BODILY INJURY

12. Defendan SHRODER and Defendant COMPANY'S agent made physical contact with plaintiff's person.

13. Defendants' agent intentionally caused plaintiff's bodily injury.

14. Defendants' actions resulted in the following damages: pain and suffering

15. Plaintiff seeks damages within the jurisdictional limits of this Court.

### A. Vicarious Liability – Respondeat Superior

16. The acts of Defendant SHRODER, employee, were performed while in the employment of Defendant COMPANY, and were within the scope of that employment or within the authority delegated to the employee1.002(a)(3).

### INJURIES

17. Upon the trial of this cause, it will be shown that Plaintiff was caused to sustain serious bodily injuries and damages as the proximate result of the Defendants' negligence; and the Plaintiff will respectfully request the court to determine the amount of the loss he has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry. There are certain elements of damages provided by law that Plaintiff is entitled to have the court in this case separately consider to determine the sum of money for each element that will fairly and reasonably compensate Plaintiff, for the injuries and damages and losses incurred and to be incurred in the future by such Plaintiff. From the date of the accident in question until the time of the trial of this matter, these elements of damages to be considered individually for the purposes of determining the sum of money that will fairly and reasonably compensate Plaintiff, for each element are as follows:

    A. The physical pain and suffering that said Plaintiff has suffered from the date of the accident in question up to the time of trial;

    B. The mental anguish that said Plaintiff has suffered from the date of the accident in question up to the time of the trial;

    C. The amount of reasonable medical expenses necessarily incurred in the treatment of said Plaintiff's injuries from the date of the accident in question up to the time of the trial;

    D. The loss of any earnings sustained by said Plaintiff from the date of the accident in question up to the time of trial; and

  E. The amount of physical disablement that said Plaintiff has suffered from the date of the accident in question up to the time of trial.

18. From the time of trial of this case, the elements of damages to be separately considered which Plaintiff will sustain in the future beyond the trial are such that the following elements will be shown by a preponderance of the evidence upon the trial of this cause:

  A. Physical pain and suffering said Plaintiff will suffer in the future beyond the time of trial;

  B. The mental anguish said Plaintiff will suffer in the future beyond the time of trial;

  C. The reasonable value of medical expenses that will necessarily be incurred in the treatment of said Plaintiff's injuries in the future beyond the time of trial;

  D. The loss or reduction of said Plaintiff's earnings in the future caused by the injuries sustained in the accident in question;

  E. The loss or reduction of said Plaintiff's earning capacity in the future caused by the injuries sustained in the accident in question; and

  F. The disablement that said Plaintiff will have in the future as a result of the injuries sustained in the accident in question.

19. At the time of the occurrence made the basis of this suit, Plaintiff was a healthy and able-bodied person.

### PRE-EXISTING CONDITIONS

20. If the Defendants claims that Plaintiff had a pre-existing condition, disease, or infirmity in his body, and if said condition or diseases in any degree whatsoever aggravated, accelerated and/or made worse such condition, disease or infirmity so as to be a proximate cause of injuries, disability and/or damages, Plaintiff may recover damages as a result. If the Defendants claims any doctor aggravated Plaintiff's injuries, the Plaintiff may recover for

aggravation of his injures brought about improper medical treatment since he was not negligent in the selecting of his medical advisors.

### PAID AND INCURRED

21. If it is the Defendants' contention that the Plaintiff's medical bills are limited to those only paid and/or incurred by his insurance company, including Plaintiff's deductibles and co-payments, then Plaintiff hereby seeks recovery for the premiums that he has paid for such insurance coverage since the Defendants has robbed him of the benefits of that insurance coverage without fair, due and just compensation. Additionally, Plaintiff would show that Tex. Civ. Prac. & Rem. Code § 41.0105 is an unconstitutional taking of Plaintiff's property and violates Plaintiff's due process of rights under both the Texas and U.S. Constitutions.

### REQUEST FOR DISCLOSURE

22. Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

### PRAYER AND CONCLUSION

23. For these reasons, Plaintiff asks that the Court issue citation for Defendants to appear and answer and prays for the following relief upon final hearing:

   a. Actual damages past and future;
   b. Medical damages past and future;
   c. Prejudgment and post-judgment interest;
   d. Exemplary damages;
   e. Costs of Court and the recovery of any Attorney's Fees that may be permitted by law;
   f. All other relief to which Plaintiff is entitled.

*Solano-Original Petition and RFD 050319*     5

Respectfully submitted,

LAW OFFICES OF JOSE R. LOPEZ, II, P.C.

_____
Jose R. Lopez, II
State Bar No. 12566446
lawlopez@earthlink.net
4601 Washington Ave, Suite 200
Houston, Texas 77007
(713) 624-1070 - Telephone
(713) 961-0638 - Facsimile
**ATTORNEYS FOR PLAINTIFF**